UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-61989-ZLOCH/ROSENBAUM

JOHN CALLAWAY, ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY
SITUATED,

        Plaintiff,

v.

PAPA JOHN'S USA, INC.,

        Defendant.

## DEFENDANT'S MOTION TO COMPEL
## PLAINTIFFS' COMPLETE DISCOVERY RESPONSES

Defendant, Papa John's USA, Inc., moves this Court, pursuant to FED. R. CIV. P. 37(a) and S.D.Fla. L.R. 26.1.H, to enter an order compelling Plaintiffs to produce complete discovery as requested by Defendant's interrogatories and requests for production. In support, Defendant states as follows:

### I. STATEMENT OF THE CASE

On December 18, 2009, Plaintiff John Callaway filed this case pursuant to 29 U.S.C. § 201, et seq., claiming violations of the minimum wage provisions of the Fair Labor Standards Act (FLSA). DOCKET NO. 1. Plaintiff subsequently filed a First Amended Complaint on December 22, 2009. DOCKET NO. 11.

Defendant Papa John's USA, Inc. answered the Amended Complaint and asserted its affirmative defenses on January 25, 2010. DOCKET NO. 21. Pursuant to the Court's Scheduling Order, this case is set for Pre-Trial Conference on November 19, 2010. DOCKET NO. 32. Discovery in this case closes on October 29, 2010. *Id.* Further, mediation has been scheduled

for July 15, 2010 and, as a result, Defendant has scheduled the depositions of four Plaintiffs (John Callaway, Samson Rubinov, Vernon Thomas, and Rafael Velasquez) for June 29, June 30, July 7 and July 8, respectively, in advance.

On March 11, 2010, Defendant served its written discovery, including interrogatories and requests for production, on the named Plaintiff and first opt-in Plaintiffs in this matter. On April 15, 2010, Defendant served the additional six opt-in Plaintiffs with the same discovery sets. On May 18, 2010, following two extensions of time with respect to the discovery directed to the first group of Plaintiffs, Defendant received responses from all but two Plaintiffs – Luiz Silva and Jonathan Zavala – who provided no responses whatsoever.

The Plaintiffs who did respond, however, provided incomplete and inadequate responses in several areas. Despite Defendant's additional attempts to resolve these issues, and two more extensions of time, Defendant is now forced to bring this matter before the Court and file this Motion to Compel.

## II. FACTUAL BASIS

1.  Plaintiffs have sued their current and/or former employer for alleged violations of the FLSA. DOCKET NO. 11.

2.  On March 11, 2010, Defendant served its written discovery, including Interrogatories and Requests for Production, on the first group of Plaintiffs in this matter. (*See* Exhibits A and B.)[1]

---

[1] Although Defendant served each Plaintiff individually with Interrogatories and Requests for Production, the discovery requested from each was the same. Accordingly, for purposes of efficiency in presenting this Motion, Defendant submits, as a representative example of all such discovery served on Plaintiffs, the Interrogatories and Requests for Production served on named Plaintiff John Callaway as Exhibits A and B. Each Plaintiff's complete individual Answers to Interrogatories and Responses to Requests for production, however, are provided herein as Exhibits E and F, respectively.

3.      On April 9, Plaintiffs' counsel sought an extension of time by email to respond to Defendant's written discovery to and until April 30, 2010.  Defendant's counsel agreed to such extension.  (*See* Exhibit C.)

4.      On April 15, 2010, Defendant served the most recent six opt-in Plaintiffs with the same discovery sets of Interrogatories and Requests for Production served on all other Plaintiffs. (*See* Exhibits A and B, and Note 1, *supra*.)

5.      On May 3, 2010, <u>after</u> the initial extension of time had expired, Plaintiffs' counsel's office left a voicemail for Defendant's counsel seeking an additional two weeks to respond to the pending discovery served on the first group of nine Plaintiffs.

6.      Defendant consented by email to the requested extension of time to respond, to and until May 18, 2010, for the discovery directed to all Plaintiffs.  (*See* Exhibit D.)

7.      On May 18, 2010, Plaintiffs provided partial discovery responses for all but two Plaintiffs.[2]  Plaintiffs Luiz Silva and Jonathan Zavala did not provide any responses.  However, the remaining Plaintiffs' responses were incomplete and inadequate in several areas.  (*See* Exhibits E and F.)

8.      On May 24, 2010, Defense counsel contacted Plaintiff's counsel by email in an attempt to resolve the matter, providing specific interrogatories and requests for production that were inadequate or incomplete, and the reasons therefore.  Defendant requested that Plaintiff's counsel respond fully by June 1, 2010.  (*See* Exhibit G.)

9.      On June 1, 2010, Plaintiffs' counsel responded by email that he had not yet had a chance to review Defendant's May 24 email and, therefore, needed additional time.  Further,

---

[2]     Plaintiff Richard Simeone's Answers to Interrogatories were inadvertently not included in the e-mails Plaintiffs' counsel sent on May 18, 2010, which included the other Plaintiffs' discovery responses.  Plaintiff Simeone's Answers were subsequently provided on May 20, 2010.

3

Plaintiffs' counsel indicated that he "had lost contact" with the two Plaintiffs who failed to provide any discovery responses and that he "would be dropping them as Plaintiffs." (*See* Exhibit H.) Defense counsel responded, again agreeing to more time up to and including June 4, 2010, for Plaintiffs to respond fully, and indicating that Defendant had no objection to withdrawal of Plaintiffs Silva and Zavala subject to Defendant's right to depose them. (*See* Exhibit I.)

10. On June 4, 2010, Defendant's counsel was contacted by telephone by counsel Nanette Lopez-Lima Levi, who indicated that her firm would be entering an appearance for Plaintiffs, taking over primary responsibility for the case, and requesting additional time yet again to respond concerning the pending discovery dispute. Ms. Levi indicated she would review the discovery issues set out in Defendant's counsel's May 24 email, and respond. Given the circumstances, Defendant's counsel agreed to an additional week up to and including June 11 for Plaintiffs to respond. (*See* Exhibit J.) Ms. Levi entered her appearance on June 4, 2010. DOCKET NO. 48.

11. On the afternoon of June 11, 2010, Plaintiffs' counsel, Ms. Levi, provided a summary email response to four of the five discovery issues about which Defendant's counsel had attempted to reach a resolution beginning May 24. Plaintiffs' counsel did not respond to one issue at all. Further, Plaintiffs' counsel did not provide any additional verified supplemental information or additional documents from Plaintiffs whatsoever. (*See* Exhibit K.)

12. Plaintiffs Luiz Silva and Jonathan Zavala have failed to provide any responses to Defendant's interrogatories and requests for production served April 15, 2010. Plaintiffs' counsel indicated that they "had lost contact" with these Plaintiffs, and while Plaintiffs' counsel has twice suggested (on June 1 and June 11) that they would be filing a motion to withdraw for

4

Mr. Silva and Mr. Zavala, no such motion has been filed to date and no discovery responses have been received.

13. Each Plaintiff who did provide responses failed to completely answer Interrogatory No. 1, which calls for Plaintiffs to not only identify all persons each Plaintiff believes have knowledge, information or documents regarding this action, but to also "describe the knowledge, information or documents" Plaintiff believes such persons to have. No such descriptions about each named individual were provided by any Plaintiff. The full text of Defendant's request and Plaintiffs' response/objection is reproduced below:

(A) **Interrogatory No. 1:** "Identify all persons you believe have knowledge, information or documents regarding this Action and describe the knowledge, information or documents you believe such persons have."

(B) **Objections provided:** None

(C) **Grounds for objection:** None

(D) **Reasons to support Motion:** Plaintiffs failed to object to this Interrogatory on any grounds, but did not answer fully and completely. Each Plaintiff only named certain individuals, but did not in any way describe the knowledge, information or documents each Plaintiff believes such persons to have. While Plaintiffs have again suggested that they would supplement their inadequate responses, no such verified responses have been provided.

14. Each Plaintiff who did provide responses failed to answer or respond to Request for Production No. 15, regarding each Plaintiff's agreement to compensate counsel for attorneys' fees. The full text of Defendant's request and Plaintiffs' response/objection is reproduced below:

  (A) **Request for Production No. 15:** "All documents regarding your agreement to compensate your counsel for attorneys' fees related to this Action."

  (B) **Objections provided:** "Immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants have not conceded entitlement to attorney's fees and therefore the discovery of the retainer agreement is wholly irrelevant to the issues in this case."

  (C) **Grounds for objection:** In addition, in their June 11 response, Plaintiffs' counsel implied that because the fee is "statutory," Plaintiffs did not have to produce any such documents.

  (D) **Reasons to support Motion:** Defendant is entitled to such information as part of plaintiffs' claim for damages in this matter, regardless whether the basis for a fee request ultimately is statutory or otherwise.

15. Each Plaintiff who did provide responses failed to answer or respond to Request for Production No. 23, regarding each Plaintiff's income tax returns and related documents. The full text of Defendant's request and Plaintiffs' response/objection is reproduced below:

  (A) **Request for Production No. 23:** "Your federal and state income tax returns (including all W-2s, 1099s, and other forms attached thereto) for the years 2006, 2007, 2008, 2009 and any future years; all documents used to support or prepare the returns; and all documents (including but not limited to payroll stubs) that evidence, refer to, or relate to income earned by you in those years for which federal and state income tax returns are not yet available. You may limit your production for the year(s) you were employed by Defendant."

  (B) **Objections provided:** "Immaterial, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's income for the years 2006

6

to the present are irrelevant as this is not a retaliation claim. To the extent that the W-2 relates to employment with the Defendant, Defendant is in possession of same."

(C) **Grounds for objection:** In addition, in their most recent response on June 11, Plaintiffs' counsel stated, "We stand by our objection. Your client has access to the W2 information and since the issue in this case relates to minimum wage payments and not tips, you do not need to see tax documents. The issue here is whether your client was required to pay minimum wage and not be allowed to take the tip credit for work performed outside of the drivers' job as delivery men."

(D) **Reasons to support Motion:** This information is calculated to lead to the discovery of admissible evidence and, indeed, is highly relevant to the claims put at issue by Plaintiffs that they were not paid the proper minimum wage, as well to their income and alleged damages. Moreover, information which could be found in Plaintiffs' tax returns is not readily available from other sources.

### III.  CERTIFICATE OF COMPLIANCE

Pursuant to S.D.Fla. L.R. 7.1A(3) and FED. R. CIV. P. 37(a)(2), defense counsel states that he has attempted to confer in good faith with Plaintiffs' counsel in order to seek a resolution of this dispute without the need for Court intervention.  The efforts are described herein. Specifically, defense counsel agreed initially to two requested extensions, sent a March 24, 2010 email to Plaintiffs' counsel, which detailed specific discovery issues following receipt of Plaintiffs' incomplete and inadequate responses, and then agreed to two additional extensions of time to resolve such dispute.  Defense counsel has conferred by email and telephone with plaintiffs' counsel on the occasions set out herein, but has been unable to fully resolve the issues above.

## IV.  MEMORANDUM OF LAW

The Federal Rules of Civil Procedure permit this Court to require Plaintiff to serve responsive answers to discovery requests.  In pertinent part, Rule 37(a) maintains that a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  FED. R. CIV. P. 37(a)(3)(B).  In addition, the Court is also charged with awarding a party its reasonable expenses incurred from the other party's discovery abuses.  FED. R. CIV. P. 37(a)(4)(A).

Plaintiffs' tax records and related documents, sought in Request for Production No. 23, are reasonably calculated to lead to the discovery of admissible evidence.  The discovery sought goes directly to the issue of Plaintiffs' damages in the form of alleged lost wages and, therefore, are reasonably calculated to lead to the discovery of admissible evidence.  (*See* Plaintiffs' First Amended Complaint at ¶¶ 1-4, 10, and 18-22.)  Since the tax returns are clearly relevant to damages, they must be produced. *See Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 853 (11th Cir. 1997) (upholding district court's order compelling production of tax records in addition to W-2 forms under ordinary relevance standard); *Platypus Wear, Inc. v. Clarke Modet & Co., Inc.*, 2008 WL 728540 *3 (S.D. Fla. Mar. 17, 2008) (holding, based on Eleventh Circuit precedent, tax returns are relevant and must be produced); *Gutescu v. Carey Int'l, Inc.*, 2003 WL 25589035 *3 (S.D. Fla. June 25, 2003) ("Plaintiff must produce her complete tax returns… The[y] are clearly relevant to mitigation of damages.").

The same argument applies to Plaintiffs' fee agreements with counsel, requested in Request for Production No. 15, which are discoverable when attorneys' fees are sought.  *See OFS Fitel, L.L.C. v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1366-67 (11th Cir. 2008);

8

*Maddow*, 107 F.3d at 583 (upholding district court's order compelling production of contingency fee percentage because it was relevant to calculating reasonable attorney's fees).

In addition, whatever objections Plaintiffs may have had in regard to the discovery at issue (Interrogatory No. 1, and all discovery served on Plaintiffs Silva and Zavala) have been waived. Rule 37 provides that an evasive or incomplete answer to a request for production is to be treated as a failure to answer the request. FED. R. CIV. P. 37(a)(4). Additionally, Rule 33(b)(4) provides that "[a]ny ground for an objection to an interrogatory not stated in a timely fashion [*i.e.*, within 30 days] is waived unless the court, for good cause, excuses the failure. FED. R. CIV. P. 33(b)(4). Rule 34 contains a similar requirement regarding requests for production, and the Advisory Committee Notes to the 1970 Amendment state that this subdivision "is essentially the same as that in Rule 33." Therefore, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *Jaffe v. Grant*, 793 F.2d 1182, 1190 n. 6 (11th Cir. 1986); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984).

In regard to Plaintiffs' omitted and partial interrogatory answers, each has also waived any objection he or she might have to fully answering these interrogatories. As discussed *supra*, by failing to object to an interrogatory, Plaintiffs waived any objections each might have had to giving a full answer to that interrogatory. *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977). Furthermore, an evasive or incomplete answer is equated to a failure to answer interrogatory, thus waiving any objection to answering it fully. *Id.*

## V.  CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, and after multiple attempts and patience on Defendant's part, Plaintiffs have failed to provide complete discovery responses as requested. As such, Defendant Papa John's USA, Inc. moves this Court to enter an order compelling Plaintiffs to produce such responses immediately in accordance with Defendant's requests.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 2020
Miami, FL  33131
Telephone:  305.374.0506
Facsimile:  305.374.0456

s\ David M DeMaio
David M DeMaio, Florida Bar #886513
david.demaio@ogletreedeakins.com

and

Rodney A. Harrison
Eric A. Todd
Admitted *Pro Hac Vice* (as of 1/28/10)
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105
Telephone:  314.802.3935
Facsimile:  314.802.3936
rodney.harrison@ogletreedeakins.com
eric.todd@ogletreedeakins.com

and

Patrick F. Hulla
Admitted *Pro Hac Vice* (as of 1/28/10)
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
Telephone:  816.471.1301
Facsimile:  816.471.1303
patrick.hulla@ogletreedeakins.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 17, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s\ David M. DeMaio

## SERVICE LIST

JOHN CALLAWAY, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED v.
PAPA JOHN'S USA, INC.
*UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA*

JAMES LOREN, ESQ.
Loren & Associates, P.A.
320 South State Road 7
Suite #300
Plantation, Florida 33317

Nanette Lopez-Lima Levi
Morgan & Morgan, P.A.
6824 Griffin Road
Davie, Florida 33314

David M. DeMaio, Esq.
Ogletree, Deakins, Nash
  Smoak & Stewart, P.C.
701 Brickell Avenue, Suite 2020
Miami, FL  33131

Rodney A. Harrison, Esq.
Eric A. Todd, Esq.
Ogletree, Deakins, Nash
  Smoak & Stewart, P.C.
7700 Bonhomme Avenue, Suite 650
St. Louis, MO 63105

Patrick F. Hulla, Esq.
Ogletree, Deakins, Nash
  Smoak & Stewart, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO 64112

8401008.2 (OGLETREE)